J-S10033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL WEIR, | |
| Appellant | No. 2078 EDA 2015 |

Appeal from the PCRA Order June 12, 2015
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0006090-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 02, 2016**

Appellant, Daniel Weir, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court aptly summarized the factual and procedural history of this case as follows:

> On January 14, 2013, Appellant entered into a negotiated guilty plea to theft by unlawful taking (M1) and was sentenced to 9 to 23 months in Delaware County Prison followed by 2 years of consecutive probation.  Appellant was given credit from 8-1-2012 to 1-14-2013 and the remainder of time was to be spent on electronic home monitoring.
>
> On April 24, 2014, Appellant's probation officer requested a ***Gagnon II***[1] hearing for violations of his probation/parole,

_____

[*] Retired Senior Judge assigned to the Superior Court.

particularly a violation of CEC Halfway House guidelines.  On May 28, 2014, this court held a ***Gagnon II*** hearing.   The Commonwealth presented testimony from probation agent, Matthew Haubrich.   Mr. Haubrich presented a letter from CEC Halfway House stating that Appellant's dentist prescribed him hydrocodone, commonly known as Vicodin.   Appellant brought the prescription to the halfway house and the facility advised him that he would need to go back to his dentist and get the prescription changed to Motrin in order to comply with the rules of not taking opiates while in the facility.   Appellant did not comply and tested positive for hydrocodone.   In addition, Appellant also tested positive for codeine/Tylenol III, for which he never provided any prescription.   Appellant was found in violation of Rule 1, Rule 7, and Rule 10(c).[2]   This court followed the recommendations of adult probation and parole and sentenced Appellant to his full back time of 458 days, probation of 18 to 36 months to run concurrent and this court recommended that Appellant be placed in a therapeutic community.

On June 6, 2014, counsel for Appellant filed a motion to reconsider the sentence imposed at the ***Gagnon II*** hearing, which this court denied via order on June [10], 2014.

On [July 11], 2014, Appellant filed a *pro se* notice of appeal and asked this court to appoint counsel.  On July 16, 2014, this court appointed the Delaware County Office of the Public Defender to represent Appellant.  On July 28, 2014, this court issued an order directing the Office of the Public Defend[er] to file a 1925(b) statement.  [***See*** Pa.R.A.P. 1925.] In lieu of the 1925(b) statement, counsel filed a statement of his

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[2] These rules require an offender to report to his probation/parole officer as directed; refrain from the use, possession, and/or distribution of controlled substances; and to provide any prescription for medication to the halfway house upon receipt.   (***See Gagnon II*** Hearing Report, 5/02/14, at unnumbered pages 1-2; PCRA Ct. Op., ***infra*** at 4).

intent to file an **Anders** brief.[3]  On September 22, 2014, the Superior Court quashed the appeal as untimely filed.

On October 3, 2014, [Appellant] filed a PCRA petition and counsel was appointed.  On March [3], 2015, counsel filed an amended PCRA petition.  The Commonwealth filed an answer to the petition on March 26, 2015.  On May [7], 2015, this court issued notice of intent to dismiss without a hearing.  [**See** Pa.R.Crim.P. 907(1).]  On June 1[2], 2015, the petition was dismissed.  Counsel for Appellant filed a timely appeal and 1925(b) statement of matters complained of on appeal.

(PCRA Court Opinion, 8/25/15, at 1-2) (record citations and some capitalization omitted).

Appellant raises one question for our review: "Was the [PCRA] court in error for dismissing [Appellant's] amended [PCRA] petition without a hearing when the issue of ineffectiveness of counsel was raised in an amended petition to the court?"  (Appellant's Brief, at 4) (some capitalization omitted).  Specifically, Appellant argues that counsel was ineffective in his representation at the **Gagnon II** hearing for failing to present evidence of Appellant's prescription for Tylenol III/codeine.  (**See id.** at 8; Amended PCRA Petition, 3/03/15, at unnumbered page 1, ¶¶ 4-5).  This issue lacks merit.

We begin by noting our well-settled standard of review.  In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error.  The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.  It is well-settled that a PCRA court's credibility determinations are

---

3 **See Anders v. California**, 386 U.S. 738 (1967).

- 3 -

binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations and quotation marks omitted).

To prevail on a petition for PCRA relief on grounds of ineffective assistance of counsel, a petitioner must plead and prove, by a preponderance of the evidence:

(2) That the conviction or sentence resulted from . . . :

\* \* \*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(ii).

An appellant must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013) (citation omitted). "The failure to satisfy any prong of this test will cause the entire claim to fail." *Id.* (citation omitted). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779-80 (Pa. Super. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015) (citations omitted).

Here, the PCRA court addressed the issue of ineffectiveness of counsel with respect to the Tylenol III/codeine prescription as follows:

> Rule #10C states that any prescription must be provided to the CEC halfway house upon receipt. Appellant provided the prescription for hydrocodone but never one for codeine. Even if Appellant has a valid prescription for the codeine, it does not negate the violation for taking opiates while staying in the facility and the rule for presenting all prescriptions to the halfway house. In addition, Appellant disregarded the request to change the hydrocodone to Motrin and eventually tested positive for two separate opiates, another violation. Appellant fails to [] demonstrate counsel was ineffective for not providing a prescription that would not have changed the outcome of the proceedings. Appellant has [not] suffered any prejudice from counsel's action or inaction.

(PCRA Ct. Op., at 4) (some capitalization omitted).

Upon review, we agree with the PCRA court, and conclude it did not err or abuse its discretion in dismissing Appellant's PCRA petition without a hearing. *See Miller*, *supra* at 992. The record makes clear that Appellant failed to demonstrate prejudice where any evidence of a prescription for Tylenol III/codeine would not negate his violations of the relevant halfway house rules and was therefore immaterial to the outcome of the *Gagnon II* proceeding. *See McDermitt*, *supra* at 813. Accordingly, Appellant's sole issue on appeal does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016